UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LINDA ROWLANDS, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:13-CV-59 RLM |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| *Defendant* | ) | |

OPINION AND ORDER

Linda Rowlands brought suit against her former employer, United Parcel Service, under Title VII, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), and ERISA after her employment was terminated on July 19, 2012 and January 2, 2013. She alleges that UPS discriminated and/or retaliated against her and denied her benefits to which she would have been entitled in the future based on her sex, age, and/or disability (an unspecified knee injury), and that similarly situated male employee were treated more favorably with respect to the enforcement of the company's policies and procedures and disciplinary issues. UPS moves to dismiss the ADA and ERISA

claims under Fed. R. Civ. P. 12(b)(6).[1] For the following reasons, the motion is GRANTED in part, and DENIED in part.

I. STANDARD OF REVIEW

A court considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) accepts as true the factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (*citing* Bell Atlantic Corp v. Twombly, 550 U.S. at 556). The allegations of the complaint "must be enough to raise a right to relief above the speculative level" and give the defendant fair notice of the claims being asserted and the grounds upon which they rest. Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

---

[1] UPS initially moved to dismiss any claim of retaliation related to Ms. Rowlands' first discharge and any claim of sex or age discrimination related to her second discharge as outside the scope of her EEOC charges. In her response, Ms. Rowlands clarified that she is only pursuing claims of sex, age, and disability discrimination with respect to the July 2012 termination, and disability discrimination and retaliation with respect to the January 2013 discharge. UPS accordingly limited the scope of its motion to the ADA and ERISA claims in its reply.

II. Discussion

A. *ADA Disability Claim*

Title I of the ADA prohibits employers from discriminating against any qualified individual with a disability on the basis of that disability. 42 U.S.C. §§ 12101, 12111. To establish a prima facie claim under Title I of the ADA, an employee must establish (1) that she is a disabled person within the meaning of the ADA; (2) that she is qualified, with or without reasonable accommodation, to perform the essential functions of the job that she holds or seeks; and (3) that she has suffered an adverse employment decision because of her disability. *See* Winsley v. Cook County, 563 F.3d 598, 603 (7th Cir.2009). UPS challenges only the first requirement, contending that Ms. Rowlands hasn't shown that she is disabled within the meaning of the ADA.

The ADA defines disability as "a physical or mental impairment that substantially limits one or more of the major life activities of an individual." 42 U.S.C. § 12102(2). "Major life activities" include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working," 42 U.S.C. § 12102(2), and are "substantially limited" if the person is either unable to perform such an activity or is "significantly restricted as to the condition, manner or duration" of that activity when compared to an average person. *See* Toyota Motor Mfg., Ky., Inc. v. Williams,

534 U.S. 184, 193 (2002); Torres v. American Automotive Parts, No. 07 C 3702, 2008 WL 2622835, at *1 (N.D. Ill. June 30, 2008); 29 C.F.R. § 1630.2(i) and (j).

The amended complaint is vague about the nature of Ms. Rowlands's alleged disability, but the attached EEOC charges allege that she suffered three injuries to her right knee between February 2012 and March 2012, that those injuries "substantially interfered with her ability to walk, stand, squat, and kneel," and that surgery was required and scheduled before her July 2012 termination. Ms. Rowlands doesn't have to submit evidence to prove her case at this stage of the proceedings. "[S]he need only allege facts that, if accepted as true, state a plausible ADA claim." Vance v. Orthopedic & Sports Medicine Center of Northern Indiana, No. 3:13 CV 652, 2014 WL 321692, at *3 (N.D. Ind. Jan. 29, 2014) (citing Ashcroft v. Iqbal, 556 U.S. at 678). The facts asserted in the EEOC charges and incorporated by reference in Ms. Rowlands' amended complaint satisfy that burden.

B. *ERISA Claim*

Section 510 of ERISA provides that:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.... The provisions of section 1132 of this title shall be applicable in the enforcement of this section.

29 U.S.C. § 1140. Section 510 "offers protection against two types of conduct: adverse action taken because a participant availed [herself] of an ERISA right (an 'exercise' or 'retaliation' violation), and interference with the attainment of a right under ERISA (an 'interference' violation)." Coomer v. Bethesda Hosp., Inc., 370 F.3d 499, 506 (6th Cir.2004). While the amended complaint alleges both a retaliation and an interference violation, it doesn't contain factual allegations that would support a plausible claim under either theory. Ms. Rowlands doesn't allege that UPS terminated her employment based on a previous exercise of an ERISA right, or provide any factual basis for believing that UPS stated reason for discharging her was actually a pretext to avoid paying the cost of benefits that Ms. Rowland might have been entitled to at some undisclosed point in the future.

To survive a motion to dismiss her ERISA claim, Ms. Rowlands must sufficiently plead that she was a member of an ERISA plan, she was qualified for the position she held, and she was "discharged under circumstances that provide some basis for believing that [the employer] intended to deprive [her] of benefits." Kampmier v. Emeritus Corp., 472 F.3d 930, 943 (7th Cir. 2007). *See also* Lindemann v. Mobil Oil Corp., 141 F.3d 290, 295 (7th Cir. 1998); Grottkau v. Sky Climber, Inc., 79 F.3d 70, 73 (7th Cir. 1996). She hasn't met that burden.

The amended complaint simply states that:

11. ...[T]he Defendant terminated [Ms. Rowlands] in order to prevent her from receiving benefits she would have shortly been entitled to receive under the Defendant's Plan of benefits.

5

>a. During the Plaintiff's employment by the Defendant, she was entitled to a number of benefits under the Defendant's employer based Plan of benefits.
>
>b. There is suspicious timing between the date of Plaintiff's termination and the date some of her benefits would have vested.
>
>c. Plaintiff's increased benefits would have meant increased costs to the Defendant, providing motivation for the Defendant to prevent the Plaintiff's benefits from vesting.

[Doc. No. 27]. The documents attached to the amended complaint indicate that UPS discharged Ms. Rowlands in January 2013 because she violated corporate policy and procedures by bringing a taser to work. Ms. Rowlands admits having done so, but claims that: the taser was only for "personal protection"; she'd taken it to work before; she was terminated shortly after the EEOC dismissed her first charge of discrimination and issued a right to sue notice; and other unidentifed "similarly situated" employees were treated less harshly. She summarily concludes that UPS actually discharged her to avoid the cost of paying future ERISA benefits. UPS moved to dismiss contending that the amended complaint doesn't identify what benefits Ms. Rowlands was allegedly denied or any facts that would provide a basis for believing she was discharged with the intent of depriving her or interfering with those benefits. The court agrees.

A complaint must provide a sufficient factual basis "to raise a reasonable expectation that discovery will reveal evidence" supporting the claim. Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009) (quoting Twombly, 550 U.S. at 556). Id.

Ms. Rowland's hasn't done that. The amended complaint and supporting documentation indicate that she was discharged for cause and substitutes "abstract recitations of the elements" and conclusory statements for factual allegations to support the position that UPS's stated reason for terminating her employment was pretextual. At bottom, her allegations are simply that she would have gotten some benefits if she hadn't been fired, so UPS must have fired her to keep her from getting those benefits. Such allegations are insufficient to state a plausible claim for relief. *See* Ashcroft v. Iqbal, 556 U.S. at 678 (a claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); Bell Atlantic Corp v. Twombly, 550 U.S. at 555 (the allegations of the complaint "must be enough to raise a right to relief above the speculative level"); Brooks v. Ross, 578 F.3d at 581 ("[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."); Bingaman v. Procter & Gamble Co., 2005 WL 1579703, at *8 (6th Cir. July 6, 2005) (plaintiff doesn't state a prima facie case of § 510 interference by simply showing "that he lost the opportunity to accrue new benefits"); Majewski v. Automatic Data Processing, Inc., 274 F.3d 1106, 1113 (6th Cir.2001) (to establish a § 510 claim, plaintiff must show that his employer "had the specific intent of avoiding ERISA liability when it discharged him. Otherwise,

7

every employee discharged by a company with an ERISA plan would have a claim under § 510.").

III. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss [Doc. No. 28] is GRANTED as to Ms. Rowlands' claims of retaliation and interference under ERISA, and DENIED as to her claim of discrimination under the ADA.

SO ORDERED.

ENTERED:   February 19, 2015


　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　United States District Court